*E-FILED - 5/22/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOMERO GOMEZ, | ) | No. C 06-5496 RMW (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| MIKE KNOWLES, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

## BACKGROUND

According to the petition, petitioner was convicted of second-degree murder with the personal use of a firearm, escape, and a probation violation in Monterey Superior Court (Cal. Penal Code §§ 187, 12022.5, 4532(B)). Petitioner was sentenced to a term of twenty years and eight months-to-life in state prison. On direct appeal, the state appellate court affirmed the judgment and conviction in August 1989. The state appellate court denied petitioner's habeas petition on March 18, 2002. The instant federal petition was filed on September 7, 2006.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, petitioner asserts that his trial counsel was ineffective. Liberally construed, petitioner's allegation is sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.    The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2.    Respondent shall file with the court and serve on petitioner, **within sixty days** of the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

Order to Show Cause
P:\pro-se\sj.rmw\hc.06\Gomez496osc

2

1      3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
2  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
3  Governing Section 2254 Cases within **sixty days** of the date of receipt of this order.  If
4  respondent files such a motion, petitioner shall file with the court and serve on respondent
5  an opposition or statement of non-opposition within **thirty days** of receipt of the motion,
6  and respondent shall file with the court and serve on petitioner a reply within **fifteen days**
7  of receipt of any opposition.

8      4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded
9  that all communications with the court must be served on respondent by mailing a true
10 copy of the document to respondent's counsel.  Petitioner must keep the court and all
11 parties informed of any change of address by filing a separate paper captioned "Notice of
12 Change of Address."  He must comply with the court's orders in a timely fashion.  Failure
13 to do so may result in the dismissal of this action for failure to prosecute pursuant to
14 Federal Rule of Civil Procedure 41(b).

15     IT IS SO ORDERED.

16 DATED: __5/19/08__             *Ronald M. Whyte*
                                               RONALD M. WHYTE
17                                             United States District Judge