1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***E-FILED - 3/18/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOMERO GOMEZ, | ) | No. C 06-5496 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| vs. | ) | RESPONDENT'S MOTION TO |
| | ) | DISMISS |
| | ) | |
| MIKE KNOWLES, Warden, | ) | |
| | ) | |
| Respondent. | ) | (Docket Nos. 15, 16) |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as untimely, an amendment to the motion to dismiss as untimely, petitioner filed two oppositions, and respondent filed a reply brief. Based upon the papers submitted, the court will GRANT respondent's motion and DISMISS the instant petition.

**BACKGROUND**

According to the petition, on January 10, 1989, petitioner was sentenced to a term of 20 years 8 months in state prison for being convicted of second-degree murder, escape, and violation of probation in Monterey County Superior Court. (Petition, p. 2.) On August 11, 1989, the California Court of Appeal affirmed the judgment. (Mot., Ex. 1.) Petitioner did not file a petition for review in California Supreme Court. (Petition, p. 5.)

1    On June 27, 2000, petitioner filed a state habeas petition in the California Court of

2  Appeal, which was denied on August 31, 2000.  (Mot., Ex. 2.)  On October 5, 2001, petitioner

3  filed another state habeas petition in California Superior court, which was denied on October 24,

4  2001.  (Amended mot., Exs. 1, 2.)  On January 30, 2002, petitioner filed another state habeas

5  petition in California Court of Appeal, which was denied on March 18, 2002.  (Mot., Ex. 3.)

6    On September 7, 2006, petitioner filed the instant federal petition raising only claims of

7  ineffective assistance of counsel.

8                                          **DISCUSSION**

9    Respondent argues that petitioner's federal habeas petition is over nine years late.  (Mot.,

10  p. 3.)  Respondent also notes that the petition fails to state a claim because it does not state a

11  claim with specificity.  (Id., p. 3 n.3.)  Further, respondent states that petitioner's claims are

12  unexhausted because he has never filed a petition for review or habeas petition in the California

13  Supreme Court.  (Id.)

14    Petitioner responds that his petition is not time-barred because (1) he is a Mexican-

15  national with minimal knowledge of English (Opp., p. 2); (2) he was continually transferred by

16  the Department of Corrections and was limited in his ability to file pleadings to show he was

17  actually innocent (id.); (3) counsel's ineffectiveness amounts to a miscarriage of justice such that

18  his petition should be deemed timely (id., p. 2-9); and (4) he has a state habeas petition pending

19  to conduct DNA testing in order to support his claim of actual innocence (id., p. 11).  Petitioner

20  does not address respondent's arguments regarding failure to state a claim or exhaustion.

21    Because the court agrees with respondent that petitioner has failed to exhaust his federal

22  claims, the court will not address the timeliness issue and instead will dismiss the petition for

23  failure to exhaust.

24    Prisoners in state custody who wish to challenge collaterally in federal habeas

25  proceedings either the fact or length of their confinement are first required to exhaust state

26  judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

27  highest state court available with a fair opportunity to rule on the merits of each and every claim

28  they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c).  The state's highest court must

1  be given an opportunity to rule on the claims even if review is discretionary.  See O'Sullivan v.

2  Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's

3  established appellate review process.").  If available state remedies have not been exhausted as to

4  all claims, the district court must dismiss the petition.  See Rose v. Lundy, 455 U.S. 509, 510

5  (1982).

6        Here, petitioner concedes that the statement of the case given by respondent, including

7  the pleadings filed with the state courts after his state convictions are correct.  (Opp., p. 1.)

8  Petitioner did not file a petition for review with the California Supreme Court on direct review.

9  (Petition, p. 5.)  Petitioner does not dispute that he has not yet filed any state habeas petition or

10  petition for review in California Supreme Court.

11        Accordingly, because petitioner has not presented his ineffective assistance of counsel

12  claims to the California Supreme Court, the court GRANTS respondent's motion to dismiss.  See

13  Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) ("Once [respondent] moved for dismissal, the

14  district court was obliged to dismiss immediately as the petition contained no exhausted

15  claims.") (internal quotation omitted).

16                              **CONCLUSION**

17        Respondent's motion to dismiss the petition (docket nos. 15, 16) is GRANTED.  The

18  instant petition is DISMISSED for failure to exhaust.  The clerk shall terminate all pending

19  motions and close the file.

20        IT IS SO ORDERED.

21  Dated:    3/16/09

22                              RONALD M. WHYTE
                                United States District Judge

23

24

25

26

27

28